### BANNER v. O'MEARA.

(Supreme Court, Appellate Term. June 5, 1908.)

1. TRIAL—MISTRIAL—GROUNDS—EXAMINATION OF JUROR.

　　Where defendant's objection to a question asked by plaintiff's counsel of a juror as to whether the juror was insured against accident was sustained, the court stating that counsel might ask whether the jurors were stockholders or interested in any insurance company, and plaintiff's counsel did not thereafter pursue the matter, defendant was not entitled to a mistrial.

2. MUNICIPAL CORPORATIONS—STREETS—INJURIES TO PEDESTRIANS—CONTRIBUTORY NEGLIGENCE.

　　Where plaintiff was struck by defendant's wagon just as she started to cross the street, she having stepped less than two feet on the street when the accident occurred, and it was not contradicted that the horses were traveling on a walk, plaintiff must have seen the wagon coming if she looked, and was chargeable with contributory negligence.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Matilda Banner against Maurice O'Meara. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GIDERSLEEVE, P. J., and DAYTON and GERARD, JJ.

Frank V. Johnson (Harry S. Austin of counsel), for appellant.
David Kornblueh, for respondent.

PER CURIAM. This is an action brought by the plaintiff against the defendant for injuries alleged to have been sustained by the plaintiff on the 30th day of January, 1908, by reason of the negligence of the defendant, its agents, servants, and employés, in negligently driving a truck on the public highway in such a manner as to collide with the plaintiff, throwing her to the ground, whereby she sustained certain enumerated injuries. The case was tried before the court and a jury, and a verdict was rendered in favor of the plaintiff for the sum of $50.

Upon the examination of the jury previous to the commencement of the trial, the following episode occurred, viz.:

"Plaintiff's Attorney (examining jury): Are you insured against accident?
"Defendant's Counsel: I object, your honor.
"The Court: Objection sustained. He may ask if they are stockholders or interested in any insurance company.
"Defendant's Counsel: I ask for a mistrial, your honor.
"(Motion denied. Exception.)"

The minutes then go on to state that:

"The jury, being satisfactory to both sides, was duly impaneled and sworn, and plaintiff's attorney opened the case to the jury."

Later on in the case defendant says that he is "perfectly satisfied to go to the jury." There is no error in the above ruling. This line of questioning was not pursued by plaintiff, and defendant was not prejudiced to the extent of warranting the court in granting the motion for a mistrial.

The plaintiff, however, has not maintained the burden of proving her freedom from contributory negligence. The wagon was going on Fourth avenue, close to the curb, and was so close to the place where plaintiff started to cross that she had stepped less than two feet onto the street when she was struck. The uncontradicted evidence is that the wagon was going slowly, the horses being on a walk, so that plaintiff must have stepped right into danger, and if she looked, as she says she did, she must have seen the wagon coming.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.